### UNITED STATES v. GREENDALE CO-OP. ASS'N.

Civil Action No. 4586.

United States District Court, E. D. Wisconsin.

Sept. 2, 1948.

Timothy Cronin, U.S. Atty., and Ellis Hughes, Asst. U.S. Atty., both of Milwaukee, Wis., for plaintiff.

Max H. Karl, of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

In this action begun August 24, 1948, the government seeks a declaratory judgment against the defendant together with injunctive relief. The defendant, answering the following day, challenges right to such relief and asks that a declaratory judgment be awarded to it. The parties thereupon stipulated that under the pleadings no factual controversy existed and that the case be submitted for decision and judgment thereon, agreeing that only a single question of law is involved. Briefs have been filed in support of their respective contentions. The government is the owner of Greendale Project in Milwaukee County. Under lease dated August 24, 1938, it leased part of the project to the defendant for a term of ten years beginning September 1, 1938, and ending August 31, 1948. The part of the project so leased is described as: "All of the buildings in the commercial area of Greendale, bounded by Northway on the North, Schoolway on the South, Broad Street on the East and Parking Street on the West; except the Post Office building on Broad Street and the Bus Terminal on Northway; also the Filling Station and Service Garage located on the Southwest corner of Northway and Parking Street."

The provisions of the lease to the extent pertinent are:

"26. Upon the expiration of this lease and without further notice by the Government, or upon the termination thereof, the Lessee shall quietly and peaceably remove from the demised premises and surrender and deliver up the same (including the equipment furnished by the government and any replacements thereof) to the Government in as good condition as the same are or shall be put by the Government during the term of this Lease, reasonable wear and use thereof and damages by the elements excepted, and all repairs and improvements of whatever kind and nature erected thereon during the term of this Lease, shall revert to the Government and become its property in fee simple without process of law, hindrance, molestation or injury, and the Government may immediately or at any time thereafter re-enter the same and remove all persons and property therefrom, either by summary dispossess proceedings or by any suitable action or proceeding at law, without being liable to prosecution or damage therefor. The Lessee hereby expressly waives any

and all rights of redemption and any and all other rights afforded by law in case it shall be dispossessed by judgment or warrant of any court of (or) judge, and the Lessee further waives and will waive all rights to trial by jury in any summary or other proceedings thereafter instituted by the Government against the Lessee in respect to the property and all improvements thereon. In the event of a breach or threatened breach by the Lessee of any of the covenants or provisions of this Lease, the Government shall have the right of injunction and right to invoke any remedy allowed at law or in equity, as if re-entry, summary proceedings and other remedies were not herein provided for. The terms 're-enter' and 're-entry,' as used in this Lease, are not restricted to their technical legal meaning.

"27. This lease shall at the expiration thereof be renewed for a further term of five (5) years upon the terms and conditions herein specified, unless at the option of either party, at least thirty (30) days before the expiration of the term, notice of the intention to terminate said Lease be given.

"28. Any notice, consent, or other act to be given or done by the Government under this Lease shall be valid only if in writing and executed or performed by the Secretary of Agriculture or his duly authorized representative, or by the chief executive officer of any agency or corporation to which the interest of the Government may be transferred.

"29. All notices to be given under this Lease shall be delivered or forwarded by registered mail addressed, in the case of the Lessee, to the post office address of said Lessee; and, in the case of the government, to the Department of Agriculture, Washington, D. C., or to the principal office of any agency or corporation to which the interest of the Government may be transferred.

"30. All rights, privileges, benefits, options and powers conferred herein on the United States of America may be exercised on behalf of the United States of America by the Secretary of Agriculture, acting pursuant to authority vested in him by Executive Order No. 7530, dated Dec. 31, 1936, or his duly authorized representative, or the head of any other agency of the Federal Government that may from time to time be vested with authority over the subject matter of this contract, or his duly authorized representative."

On March 2, 1948, a notice of termination was sent by registered mail to the defendant and received by it in due course, reading as follows:

"Greendale, Wisconsin
"March 2, 1948
"Greendale Cooperative Association
"Greendale, Wisconsin
"Attention: Mr. Alan Clack,
General Manager
"Gentlemen:

"This is to advise you that the master lease which the Greendale Cooperative Association has with the Government for the rental of the commercial center in Greendale will not be renewed upon its expiration on August 31, 1948.
"Sincerely yours
"Walter E. Kroening,
"Community Manager
"Greendale
"(Registered Mail          )
"(Return Receipt Requested)"

On July 23, 1948, a further notice with respect to the lease was sent by registered mail to the defendant and received by it in due course, as follows:
"Housing and Home Finance Agency
"Washington, D. C.
"201 North Wells Building
"Chicago, Illinois
"July 23, 1948
In reply please
refer to R III:
ORO
"Registered Mail
"Return Receipt Requested
"Greendale Cooperative Association
"Greendale, Wisconsin
"Gentlemen:
"As you know, the Government has accepted bids for the leasing of the commercial facilities at Greendale, Wisconsin, for a term commencing September 1, 1948. It is therefore necessary to terminate your present lease on such facilities. Accordingly, you are hereby notified that the lease dated August 24, 1938, between the Govern-

ment and the Greendale Cooperative Association, which under Section 2 thereof expires on August 31, 1948, will not be renewed. This notice is given in accordance with the provisions of Section 27 of said lease.

"United States of America
"Public Housing Administration
"(Signed) Orvile R. Olmsted
"Director, Region III"

Passing for the moment the effect, if any, of the notice of March 2, 1948, consideration will be given at this point to the notice of July 23, 1948, which was given "at least thirty (30) days before the expiration of the term." In this connection, the sole issue is whether the notice was executed by an officer of the Government legally authorized so to do.

Various Government agencies have had to do with the development and administration of the Greendale Project.

Greendale was developed under authority of the Emergency Relief Appropriation Act of 1935, 49 Stat. 115.

By E.O. 7027, dated April 30, 1935, as amended by E.O. 7200, dated September 26, 1935, the President established the Resettlement Administration and assigned to it the duty of establishment, maintenance and operation of Greendale.

By E.O. No. 7530, dated December 31, 1936, as amended by E.O. No. 7557, dated February 19, 1937, 40 U.S.C.A. §§ 431–434, notes, the powers, functions and duties vested in the Resettlement Administration were transferred to the Secretary of Agriculture. By Secretary's Memorandum No. 706, dated January 1, 1937, the Secretary of Agriculture ordered that the Resettlement Administration should operate as a special unit of the Department of Agriculture. By Secretary's Memorandum dated September 1, 1937, the name of the Resettlement Administration was changed by the Secretary of Agriculture to the Farm Security Administration.

By E.O. No. 9070, dated February 24, 1942, 7 F.R. 1529, as amended, 12 F.R. 207, 50 U.S.C.A. Appendix, § 601 note, the functions, powers and duties of the Farm Security Administration over Greendale were vested in the National Housing Agency and the administration thereof transferred to the Federal Public Housing Authority.

Reorganization Plan No. 3 of 1947, effective July 27, 1947, 5 U.S.C.A. following section 133y—16, 12 F.R. 4981 transferred to the Public Housing Administration the functions of the National Housing Agency with respect to non-farm housing projects, including Greendale.

■ It thus appears that at the time the notice in question was given to the defendant the Public Housing Administration was vested with the control and administration of Greendale, including leases.

■ The question remains whether Regional Director Olmsted was authorized to execute the notice. His authority to do so clearly appears and is included in the delegations of authority published in 13 F.R. 2820, which read:

"Sec. 602.2: Delegations to Regional Office Officials—

"(a) Delegations of Authority to Regional Directors.

"Regional directors are authorized to exercise the powers delegated below in paragraphs (b) (c) and (d) of this section to assistant regional directors, property and services officers, regional finance officers and Secs. 602.3 and 602.4 to area directors, housing managers, and project engineers, and in addition:

"(1) Pursuant to the provisions of Public Law 67 [48 Stat. 195] (73rd Congress) and Public Law 412 [42 U.S.C.A. § 1401 et seq.], (75th Congress) as to PWA projects only; Public Laws 671 [50 U.S.C.A. Appendix, § 1151 et seq.] 781 [54 Stat. 872], 849 [42 U.S.C.A. §§ 1521–1523, 1541 et seq.] (excluding Title V thereof), (76th Congress), and Public Laws 9 [55 Stat. 14], 73 [55 Stat. 197] and 353 [55 Stat. 810] (77th Congress); all as amended and supplemented, regional directors are delegated in connection with the development, management and administration of projects and in the administration of the regional and area offices, the power:

"(iv) To execute leases for management of such projects to local housing authorities,

540

or to other local public agencies or private agencies.

"Sec. 602.3: Delegations to Area Office Officials. Delegations of Authority to Area Directors

"(a) Area directors are delegated the power:

"(1) Pursuant to the provisions of Public Law 67 (73rd Congress) and Public Law 412 (75th Congress), as to PWA projects only; Public Laws 671, 781 and 849 (excluding Title V thereof) (76th Congress), and Public Laws 9, 73 and 353 (77th Congress), all as amended and supplemented: Area directors are hereby delegated, in connection with the development, management, disposal and administration of projects and in the administration of the area office, the power:

"(ix) To approve or execute leases for commercial facilities.

"(xiii) In connection with the management of public conversion projects:

"(b) To modify or extend and to sell leases where the combined net recovery from operation and sale of leasehold exceed 40% of the full conversion cost; or to sell, cancel, or otherwise dispose of other leases when approved by the regional director.

"(c) To exercise all rights and privileges of the United States under leases for conversion projects.

"(e) To execute contracts with brokers for representing PHA on termination of leases and to approve vouchers in payment of such services."

■ The earlier notice to the defendant executed by Walter E. Kroening, Community Manager, likewise appears to be free from any defect for want of authority or otherwise. His authority is affirmatively provided for in Sec. 602.4 of the delegations of authority published in 13 F.R. 2820, as follows:

"Sec. 602.4: Delegations to Field Project Personnel:

"(b) Delegations of Authority to General Housing Managers, Housing Managers and Their Assistants, and Management Aides.

"(1) Pursuant to the provisions of Public Law 67 (73rd Congress) and Public Law 412 (75th Congress), as to PWA projects only; Public Laws 671, 781 and 849, (76th Congress), and Public Laws 9, 73 and 353, (77th Congress); all as amended and supplemented, general housing managers, housing managers and their assistants, and management aides are delegated, in connection with the management and administration of projects, the power:

"(ii) To execute and cancel leases and rental contracts for occupancy of the respective projects.

"(c) Housing Managers, Community Managers, and Others Acting in Such Capacities, with Respect to Greenbelt Towns, Subsistence Homestead, and Limited Dividend Projects.

"Housing managers, community managers, and others acting in such capacities with respect to Greenbelt towns, subsistence homestead, and limited dividend projects, are delegated the power:

"(2) To execute and cancel lease and rental contracts for occupancy of their respective projects."

■ Accordingly either notice is sufficient, standing alone, to effect the termination of the lease on August 31, 1948; by reason of the delegations of power above set forth the respective signers of the notices were each constituted a "chief executive officer" for such purpose within the meaning of Paragraph 28 of the lease.

■ Because the naked right of termination is provided for and was duly exercised, the right of the government to prevail is clear. Hence, other facts need not be considered, except incidentally. Such other facts have to do with the defendant's action, after receipt of the first notice, in submitting its competitive bids against other bidders for a new leasing of the several premises covered by the original lease to defendant. The result of such bidding was that two of the eleven buildings became subject to leasing by defendant. The defendant by thus bidding in the re-letting accepted the first notice as sufficient in all respects. Under familiar principles, the defendant is estopped

and precluded from asserting the notice of termination and non-removal was ineffectual as to it, even if such be assumed to be the case, as it is not.

The United States Attorney will prepare and submit form of findings of fact and conclusions of law in accordance with this opinion, and also, judgment for the relief prayed for in the complaint (which is consistent with that provided for in Paragraph 26 of the lease), and denying any relief to the defendant.